Abbie C. Savage, and another, Petitioners,

*vs.*

William H. Gray, and others.

Lincoln. Opinion September 10, 1902.

*Partition. Notice. Unknown Owners. R. S., c. 88, § 4.*

A petition for partition cannot be heard, when notice has not been ordered or given to co-tenants, who are not named, but who are described as "unknown."

On such a petition, notice, such as the court orders, to all co-tenants not named, is indispensable.

On report. Remanded to nisi prius.

Petition for partition of a lot of land fronting on Kennebec river in Dresden, Lincoln county, containing about ninety-seven acres.

The case is stated in the opinion.

*John Scott* for petitioners.

*R. K. Sewall,* for respondents.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

SAVAGE, J. Petition for partition of land in Dresden.

The petitioners allege in their petition that they are tenants in common of the premises with the defendants, and with either "the heirs of Margaret G. Rines late of said Dresden, deceased, whose names are to your petitioners unknown, or some person or persons unknown," and the evidence, as reported, tends to show that the heirs of Margaret G. Rines are interested as such in one undivided-half of the premises. Notice has been ordered and served only on the persons named in the petition as co-tenants of the petitioners. No notice has been ordered or given to the co-tenants who are not named, but who are described as "unknown." Such a notice is indispensable. Revised Statutes, c. 88, § 4, provides that "when the co-tenants are not all named in the petition (for partition), . . . . such notice shall be given to the other co-tenants as the court orders."

And were the statute not imperative, in this case notice would be important, if not necessary. Of the parties who are named as co-tenants, one, Caroline A. Rines, appears as administratrix, and claims that her intestate, William Rines, first having an equitable title, thereafter became owner of all the premises by adverse possession. But she offers no admissible evidence which supports a title by adverse possession. Had she succeeded in establishing that claim, the heirs of William Rines, and not his administratrix, would now be the owners, and be entitled to notice. The evidence fails to show that William Rines had even an equitable title, as claimed. Another alleged co-tenant, Thomas Orman, claims one undivided-half by adverse possession, but he offers no proof of it. And another alleged co-tenant, Joseph Wade, is not connected with the case, as reported, in any way. There is, therefore, at least one undivided-half of the premises which is not represented, so far as the record shows, by any party now in court.

The case must go back to nisi prius for notice to the "unknown" co-tenants. *Richardson* v. *Watts*, 94 Maine, 476.

*Report discharged.*